RUDIN v. HADRIAN REALTY CO., Inc.

(Supreme Court, Appellate Division, Second Department.  March 31, 1916.)

1. APPEAL AND ERROR ⬅➡790(2)—DISMISSAL OF APPEAL.
    An appeal from an order resettled by another order will be dismissed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4383, 4384; Dec. Dig. ⬅➡790(2).]

2. APPEAL AND ERROR ⬅➡957(1)—DISCRETION—JUDGMENT BY DEFAULT—OPENING ON TERMS.
    Where the original motion papers of defendant to open a default against it were not in compliance with rule 23 of the General Rules of Practice, the Appellate Division, reviewing the order of the Special Term opening the default upon terms, including the requirement that the judgment stand as security in addition to the payment of costs, will not exercise its discretion counter to that of the Special Term.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823; Dec. Dig. ⬅➡957(1).]

Appeal from Special Term, Kings County.

Action by Jacob Rudin against the Hadrian Realty Company, Incorporated. From an order as resettled, and from another order, defendant appeals. Appeals from two orders dismissed, and the other order modified and affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and MILLS, JJ.

Meyer D. Siegel, of New York City, for appellant.
Abraham Ablowitz, of New York City, for respondent.

JENKS, P. J. [1, 2] The plaintiff entered judgment upon the default of the defendant to appear at the Special Term for trial, and the defendant has asked and has obtained the favor of having the default opened upon terms. This appeal is in protest against such terms, which are payment of the plaintiff's taxable costs and disbursements, of $10 costs, and that the judgment stand as security.

The defendant would review three orders. But admittedly the last order of December 31, 1915, is in resettlement of the order of December 9, 1915, and therefore the appeal from the latter order should be dismissed. In re Knapp & French, Inc. (Sup.) 155 N. Y. Supp. 166. The requirement that the judgment should stand as security, in addition to the payment of costs, is not infrequent. We are not inclined to any exercise of discretion counter to the Special Term, especially when the original motion papers of the defendant were not in compliance with rule 23 of the General Rules of Practice.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

If the defendant is anxious to dispose of the litigation, and thus, if possible, avoid the judgment, the condition of the equity calendar of Kings County is such that he may have his hearing almost immediately. The said order of December 31st restored the case to the calendar for January 10, 1916, and in ordinary course, but for this appeal, the trial of the issue would have been possible long since. We find no reason for interference with the order of December 23d, which relates to a reargument of the original motion and to the taxation of the costs.

The appeals from the orders of December 9th and 23d are dismissed, without costs, and the order of December 31st is modified, so that the case is restored to the next calendar of the Special Term, and, as so modified, it is affirmed, with $10 costs and disbursements.

THOMAS, STAPLETON, and MILLS, JJ., concur. CARR, J., not voting.